IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOUT IV, | : | CIVIL NO. 1:CV-11-0563 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ERIC HOLDER, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Mout Iv, ("Iv"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") incarcerated at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 25, 2011. (Doc. No. 1.) He has paid the required filing fee in this matter. Following a preliminary review of the petition, see R. Governing § 2254 Cases R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

**I.    Background**

Iv states that he is a native and citizen of Cambodia who entered the United States in May of 1986 as a refugee. He subsequently adjusted his status to Lawful Permanent Resident on February 14, 1989. In April of 1999, he states that he was convicted on charges of Aggravated Assault, Criminal Conspiracy and Reckless Endangerment of another Person. He was sentenced from 3½ - 7 years in prison. After serving 3½ years he was released on parole. On December 10, 2002, he was taken into custody for purposes of removal proceedings pursuant to the 1999 conviction. On June 25, 2002, he was ordered removed by an immigration judge. Following an unsuccessful appeal therefrom, the order of removal became final on May 12, 2003. Iv was

subsequently released by ICE pursuant to an Order of Supervision on January 14, 2004. On September 21, 2010, Iv's order for release on supervision was revoked and he was again confined. He thereafter field a Motion to Reopen with the Immigration Board of Appeals that was denied on November 12, 2010. He states that he filed an appeal from this decision that was also denied on December 10, 2010.

In the pending petition, Iv contends that he has cooperated fully with ICE's efforts to effectuate his removal to Cambodia. He states that he was interviewed by the Consulate General of Cambodia on September 23, 2010, and has completed all the necessary paperwork to obtain his travel documents for removal from the United States. He states that since the time his order of supervision was revoked on September 21, 2010, he has now been in ICE custody for six (6) months, and that he has written a letter to Headquarters Post Order Detention Unit ("HQPDU") requesting a custody review. To date, he has received no response from the HQPDU with respect to his continued detention.

**II.   Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

(I)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the

date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the

reasonably foreseeable future." 8 C.F. R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Id.

In the matter *sub judice*, all indications are that jurisdiction to make a determination concerning Iv's current custody lie with the HQPDU. Although Iv states that he has filed a written request for release with the HQPDU, he has received no response. Consequently, ICE will be ordered to treat the instant petition as a request for release under 8 C.F.R. § 241.13.

An appropriate order accompanies this memorandum.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOUT IV,** | : | **CIVIL NO. 1:CV-11-0563** |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **ERIC HOLDER, et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW,** this 31ˢᵗ day of March, 2011, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's request for the appointment of counsel in this action (Doc. No. 3) is **denied as moot**.

2. The petition for writ of habeas corpus is **denied**.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Petitioner with a response to his request within thirty (30) days.

4. The Clerk of Court is directed to **close this case**.

                S/ Yvette Kane
                YVETTE KANE, Chief Judge
                Middle District of Pennsylvania